IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Patricia Lucas, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   11 C 6821 |
| Asset Acceptance, LLC, a Delaware limited liability company, and Asset Recovery Solutions, LLC, an Illinois limited liability company, | ) ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Patricia Lucas, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3. Plaintiff, Patricia Lucas ("Lucas"), was a citizen of the State of Ohio, and is now a citizen of the State of West Virginia, from whom Defendants attempted to collect a delinquent consumer debt owed for a World Financial Capital-Home Shopping Network credit card. These collection actions took place despite the fact that she had

told the Defendants that she refused to pay the debt and was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Asset Acceptance, LLC ("Asset"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. From its offices in nine different states, including an office in Chicago, Illinois, Asset operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Asset was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Asset is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon, at times through other collection agencies, such as Defendant Asset Recovery Solutions.

6. Defendant, Asset Recovery Solutions, LLC ("ARS"), is an Illinois limited liability company, that from its headquarters in Des Plaines, Illinois, acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. ARS operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant ARS was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from

2

Plaintiff.

7. Defendants Asset and ARS are each authorized to conduct business in the State of Illinois and maintain registered agents within the State of Illinois, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, Defendants Asset and ARS both conduct extensive and substantial business in Illinois.

8. Defendants Asset and ARS are each licensed as a debt collection agency in the State of Illinois, see, records from the Illinois Division of Professional Regulation, attached as Group Exhibit B. In fact, Defendants Asset and RAS both act as collection agencies in Illinois.

**FACTUAL ALLEGATIONS**

9. Ms. Lucas is a disabled woman, with limited assets and income, who fell behind on paying her bills, including a debt she owed for a World Financial Capital-Home Shopping Network credit card (the "HSN Debt"). At some point in time after that debt became delinquent, Defendant Asset bought Ms. Lucas' HSN Debt. When Defendants began trying to collect this debt from her, by sending her an initial collection letter, dated June 8, 2011, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions. A copy of this collection letter is attached as Exhibit C.

10. Accordingly, on June 23, 2011, one of Ms. Lucas' attorneys at LASPD informed Defendants, in writing, that Ms. Lucas was represented by counsel, and directed Defendants to cease contacting her, and to cease all further collection activities because Ms. Lucas was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit D.

11. Nonetheless, despite being advised that Ms. Lucas was represented by counsel and refused to pay the debt, Defendants sent Ms. Lucas a collection letter, dated July 28, 2011, which demanded payment of the HSN Debt. A copy of this letter is attached as Exhibit E.

12. Accordingly, on August 24, 2011, Ms. Lucas' attorneys at LASPD had to inform Defendants, yet again, that they must cease collections and cease communications. Copies of this letter and fax confirmation are attached as Exhibit F.

13. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

14. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

17. Here, the letter from Ms. Lucas' agent/attorney, LASPD, told Defendants to cease communications and to cease collections (Exhibit D). By continuing to communicate regarding this debt and demanding payment (Exhibit E), Defendants violated § 1692c(c) of the FDCPA.

4

18.     Defendants' violation of § 1692c(c) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

19.     Plaintiff adopts and realleges ¶¶ 1-14.

20.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

21.     Defendants knew, or readily could have known, that Ms. Lucas was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendants, in writing (Exhibit D), that Ms. Lucas was represented by counsel, and had demanded a cessation of communications with Ms. Lucas.  By directly sending Ms. Lucas a collection letter (Exhibit E), despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

22.     Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Patricia Lucas, prays that this Court:

1.     Find that Defendants' debt collection actions violated the FDCPA;

2.     Enter judgment in favor of Plaintiff Lucas, and against Defendants, for

actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

    3.    Grant such further relief as deemed just.

### JURY DEMAND

Plaintiff, Patricia Lucas, demands trial by jury.

                      Patricia Lucas,

                      By: /s/ David J. Philipps
                      One of Plaintiff's Attorneys

Dated: September 28, 2011

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com